# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-92V
**Filed: November 17, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * * * | UNPUBLISHED |
| LAURIE DART, | |
| | Special Master Gowen |
| Petitioner, | |
| | Joint Stipulation on Damages and |
| v. | Attorneys' Fees and Costs |
| | Influenza ("Flu") Vaccine; |
| SECRETARY OF HEALTH | Transverse Myelitis. |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| | |
| * * * * * * * * * * * * * * * * | |

Diana Stadelnikas Sedar, Maglio, Christopher & Toale, PA, Sarasota, FL, for petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On January 30, 2015, Laurie Dart ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on October 17, 2013, she developed transverse myelitis ("TM"). Stipulation for Award at ¶ 2, 4, docket no. 16, filed Nov. 12, 2015. Further, petitioner alleged that she experienced residual effects of her injury for more than six months. Id. at ¶ 4.

_____

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 12, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the flu vaccination caused petitioner's TM or any other injury or condition. Id. at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties also stipulate to an award of attorneys' fees and costs in a joint stipulation filed on November 16, 2015. The parties agree to a total award of attorneys' fees and costs in the amount of $11,500.00. Stipulation for Fees at ¶ 5, docket no. 17, filed Nov. 16, 2015. In accordance with General Order #9, petitioner represents that she did not personally incur costs related to this proceeding. Declaration, docket no. 18, filed Nov. 16, 2015. The undersigned finds the stipulation for fees and costs reasonable and adopts it as the decision of the Court.

The parties stipulate that petitioner shall receive the following compensation:

1) **A lump sum of $90,000.00, in the form of a check payable to petitioner, Laurie Dart. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

2) **A lump sum of $11,500.00, in the form of a check jointly payable to petitioner and to petitioner's attorney, Diana Stadelnikas Sedar of Maglio, Christopher & Toale, PA, pursuant to 42 U.S.C. § 300 aa-15(e), for attorneys' fees and costs.**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation and attorneys' fees and costs. Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>**s/ Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN **THE** UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

LAURIE DART,

        l'clitiumr,

   v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 15-92\f
Spcciul Muster Gowen
ECr:

## STIPULATION

The parties hereby slipuluk lll the following mnllers:

I. Pclilioncr Laurie Dart ("petitioner") filed a pclition for \'accinc compensation under the Nutionnl Vaccine Injury Compcnsutiion Prngr:im, 42 U.S.C. § 300u:i-10 lo 34 (the "Vaccine Progrnm"). The pclilion seeks eompcnsutiun for injuries nllcgcdly rclntcd lo pctilioncr's receipt uf'un innucn;w vaccine ("flu"), whid1 vaccine is conluim:d in he Vnccinc Injury Table (the "Tnblc"), 42 C.f-'.R. l00.3 {a).

2. Petitioncr received her nu immunization on Octobcr 17, 2013.

3. The vnccinc wus administered within lhl! United Slates.

4. Petilioncr ullcgcs that sh<: sustnincd a vact:inc-rel:itcd injury diugnoscd as tnmsvcrsc myelitis ("TM") thm was cnuscd-in-focl by the nu vaccine. She furlher alleges that she experienced the n.:siduul effects of her injury for more thun six months

5. Petitioner represents that there hus been 110 prior uward or settlcmc.:lll orn civil action for dnmngc:;:.is a result of"hcr condilinn.

6. Responde111 denies Lhnl pclilinnl!r's alleged Ttvl nnd residual effects were cuust:c.l-in-foci by Lhe Ou vacci11e. Rcspo11dc111 further dt:nics lllUL lht: nu vuct.:ine caused petitioner any other injury or her cu1-rc11l cunditio11.

7. Maintaining their nbuvl'-slutcd positions, the parties ncv·rthclcss now agree that the issues between them shull be settled uml thnl a decision should be 1nlercd awarding the co111pcnsntion described in purngrnph 8 of this SLipulution.

8. As soon us practicublc artcr an entry ol'j11dgmc11t rcllecting a decision consistent with the terms of' this Stipulation, anti al'll!r pc1i1io11cr has filed 1111 ch.:c1io11 to rt:ccive compcnsntiun pursuam lo 42 U.S.C. §JOOau-21(n)(I). the Secrclnry ol'Health nnd Humun Services will issue lhe following vaccine compcnsution puymcnl:

> A lump sum of S90,000.UO in thc form orn check p.1yun1c to petitioner. This amount represents compensation forill damngcs th;ll would be avuilubll! under 42 U.S.C. § 300ua-15(a).

9. /\s soon as praclicnblc artcr tin:entry of judg111c111 on cntillc:rnent in this case, and after pctirioner hns lill!d both a proper nnc..ltimo.:ly clectiun to receive emnpensation pursuant to 42 U.S.C. § JOO:in-2l(n)(I), und an applicatiu11, the parties will submit lo l'urthcr proceedings bcl'ore the spccinl master 10 award rcasonnblc allorneys' l'ccs and costs in°;11rrcd in rroceecling upon this petition.

I0. Petitioner and her nllorncy rcpn.:senl thnt they have idcmifio.:d to rcsromknl all known sources or payment for i1ems or services for whkh the Program is not primarily liable under12 U.S.C. § 300aa-15(g), including Stutc compcnsalion programs. insurnncc policies, Fedcr..il or Stnle health benelils programs (other thun Title XIX of'the Social Security l\cl (4::! U.S.C. § 13% ct seq.)). or entities thal provide ho.:nlth services on a rrc-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph IJ of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(aJ and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of service, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to Dr ,\cuth or petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 17, 2013, as alleged by petitioner in a petition for vaccine compensation filed on January 30, 2015, in the United States Court of federal Claims as petition No. 15-9'.!V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court on Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccination caused petitioner to suffer TM or any other injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators. successors, and/or assigns.

END OF STIPULATION

Respectfully su!Jmillcd,

PETITIONER'

*LAi2* *-W*

ATTORNEY OF HECORD FOR
PETITIONER:

MAGLIO, C1m1STOl'llER & TO,\LE, PA
1605 fain Street, Suite 710
Surasoln, FL 34236
(941) 952-5242

AUTHORIZED IU!:PRESENTATIVE
OF THE ATTORNEY GENERAL:

Deputy Director
Torts 13ram:h
Civil Division
U.S. Dcpnrlm1nt llf.lu5lice
P.O. Box 146
Bc11jumin Franklin Station
Washington, DC 20044 -0146

AUTHORIZED REPRESENTATIVE
OF THE SECRET R'i OF HEALTH
AND H I ]SURVIC S:

ATTORNEY OF RECORD FOR
RESPONDET:

*, di*

A. MELISSA Ht lJSTON, M.D., M.11.H, FAt\P
Director, Division uf'
Injury Compensation Programs
11culthcarc Systems Bureau
U.S. Dcpar1men1 of Health
and Human Services
5600 Fishers Lane
Parkluwn J3uilcling, Mail Stop 11C-26
Rockville, MD 20857

l\DRl/\NA TEl' i
Trial t\llorney
Torts Branch
Civil Division
U.S. Dcpur\me111. of Justice
P.O. Dox 146
Bcnjamin r1a11klil1 Station
Wushinglon. DC' 200:.\4-0I4G
(202) 6ᴊ6-3<i77

Dated: __Nov. 12, 2015__

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF THE SPECIAL MASTERS

LAURIE DART,

       Petitioner,

vs.

SECRETARY OF HEALTH AND HUMAN
SERVICES,

       Respondent.

_____/

CASE NO. 15-92V
Special Master Gowen

### STIPULATION OF ATTORNEYS' FEES AND COSTS

1.     Diana L. Stadelnikas-Sedar is counsel for Petitioner in this case.

2.     Petitioner submitted a draft Application for Attorneys' Fees and Costs to Respondent's counsel.

3.     During informal discussions, Respondent raised objections to certain items in Petitioner's draft application. Based on these discussions, Petitioners amended the Application for Attorneys' Fees and Costs to request reimbursement in the amount of $11,500.00. Respondent does not object.

4.     Pursuant to General Order #9, Petitioner has not incurred any costs in pursuit of the claim.

5.     The parties now request that a decision awarding the final attorneys' fees and costs in the amount of $11,500.00, payable to Petitioner and Petitioner's counsel, Diana L. Stadelnikas-Sedar be issued.

6.     Petitioner requests that the award for attorney's fees and costs be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.

7.     Nothing in this Stipulation, including the amount set forth in paragraph 3, should be construed as an admission, concession, or waiver by either party as to any of the

matters raised by Petitioner's Application for Fees and Costs, including but not limited to the hourly rates requested.

Respectfully submitted:

| ATTORNEY FOR PETITIONER | ATTORNEY FOR RESPONDENT |
| --- | --- |
| /s/ Diana L. Stadelnikas Sedar, Esq. | /s/Adriana Ruth Teitel, Esq. |
| Diana L. Stadelnikas Sedar, Esq. | Adriana Ruth Teitel, Esq. |
| Florida Bar Number   0949061 | Trial Attorney |
| **MAGLIO CHRISTOPHER & TOALE, PA** | Torts Branch, Civil Division |
| 1605 Main Street, Suite 710 | U.S. Department of Justice |
| Sarasota, FL  34236 | Post Office Box 146 |
| 888-952-5242 | Benjamin Franklin Station |
| fax: 877-952-5042 | Washington, D.C.  20044-0146 |
| Attorney for the Petitioner | Attorney for the Respondent |

Dated: November 16, 2015